IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COREY SEIGNIOUS, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| WARDEN DRU, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-4481-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Corey Seignious, challenges via 28 U.S.C. § 2241 the Federal Bureau of Prisons' (BOP's) calculation of his sentence in United States v. Seignious, No. 1:06-cr-00435-CC-1 (N.D. Ga. Nov. 21, 2007) (hereinafter "Seignious"). The matter is before the Court for consideration of the petition, (Doc. 1), Respondent's answer-response, (Doc. 5), and Petitioner's reply, (Doc. 6). For the reasons stated below, the undersigned recommends that the petition be denied and that this action be dismissed.

**I.   Discussion**

On February 24, 2006, Gwinnett County authorities arrested Petitioner (who had been released on state parole) on drug charges, and on May 3, 2006, the state revoked his parole. (Doc. 1 at 1; Doc. 5, Ex. 1 ¶¶ 8-10). Subsequently, Petitioner was brought before this Court, and on September 28, 2007, the Court imposed on Petitioner a 180-

month term of imprisonment. Judgment and Commitment, Seignious. Petitioner was then returned to state authorities. (Doc. 5, Ex. 1 ¶ 13). On November 21, 2007, the Court amended the judgment and ordered that Petitioner's federal "sentence run concurrent with any Georgia sentence that [Petitioner] is serving." Order, Seignious, ECF No. 45. It appears that Petitioner received credit on his Georgia sentence for the time he spent in custody as of February 24, 2006, and on October 13, 2008, state authorities released Petitioner to federal custody upon completion of his state sentence. (Doc. 1, Attach. at "Part B - Response"; Doc. 5, Ex. 1 ¶¶ 16, 20 and Attach. 3). The BOP has computed Petitioner's federal sentence as having begun on September 28, 2007. (Doc. 5, Ex. 1 ¶ 15 and Attach. 7).

Relying on United States v. Setser, _ U.S. _, 132 S. Ct. 1463 (2012), and Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Petitioner asserts that the Court's order that his federal sentence run concurrent to his Georgia sentence is controlling and that he should receive credit on his federal sentence for the time he spent in state custody from February 24, 2006, through September 28, 2007. (Doc. 1, Attach. at 2-3).

The government responds that Petitioner's federal sentence could not commence before the date it was imposed – September 28, 2007, and that Petitioner's federal sentence runs concurrently "with his state sentences as of the date of imposition" of his

2

federal sentence. (Doc. 5 at 6, 10-11). The government further argues that credit for custody before imposition of a federal sentence is not available when the prior custody has been credited against another sentence and that the Willis exception is inapplicable because Petitioner was not in pre-sentence custody after his February 24, 2006 arrest. (Doc. 5 at 7-12). In reply, Petitioner argues that Setser gave the Court authority to impose a concurrent sentence and that the Court's order that his sentence run concurrently "with all Georgia sentences" must be honored. (Doc. 6 at 2).

A federal prisoner is entitled to habeas relief if the BOP is holding him "in custody in violation of the Constitution or laws . . . of the United States[.]" 28 U.S.C. §2241(c)(3); see United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)) (internal quotation marks omitted)). After sentence is pronounced, the computation of a federal sentence is committed to the BOP. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Section 3585 governs the commencement of a federal sentence and the determination of credit for prior custody.

3

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  A sentence cannot commence before it is imposed, even if it is imposed to run concurrently "with a sentence already being served."  <u>Coloma v. Holder</u>, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir.1980)) (internal quotation marks omitted).  Further, after determining when the sentence commences, the BOP cannot grant prior-custody credit for custody that has been credited against another sentence.  <u>Wilson</u>, 503 U.S. at 334 (stating that §3585(b) "authorizes credit only for time that 'has not been credited against another sentence'").

A federal district court reviews for abuse of discretion the BOP's decision under § 3585 regarding commencement of a federal sentence and the grant of credit for prior custody. See Espinoza v. Sabol, 558 F.3d 83, 91 (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."). Further, it is the petitioner's burden to establish his right to federal habeas relief. Coloma, 445 F.3d at 1284.

In Setser, relied on by Petitioner, (1) the district court imposed the petitioner's federal sentence to run consecutively to any state sentence imposed for a probation violation and to run concurrently with a state sentence imposed on new charges and (2) the state court imposed a five-year term for probation violation and a concurrent ten-year term on new charges. Setser, _ U.S. at _, 132 S. Ct. at 1466-67. The Court determined that the district court had discretion to order that the federal "sentence run consecutively to [the] anticipated state sentence in the probation revocation proceeding" and that the state court's decision to make both state sentences concurrent did not render the federal sentence unreasonable. Id., _ U.S. at _, 132 S. Ct. at 1472-73.

In Willis, also relied on by Petitioner, the appellate court remanded for consideration of pre-sentence jail credit on a federal sentence – for time spent in non-

federal pre-sentence custody and credited by the state – when a federal detainer had precluded bail on state charges and federal and state sentences were concurrent. Willis, 438 F.2d at 923. The court in Willis stated that "if [the petitioner] 'was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the (federal) offense[.]'" Id. at 925 (quoting Davis v. Att'y Gen., 425 F.2d 238, 240 (5th Cir. 1970)). The Court notes that Willis was decided in 1971 under former 18 U.S.C. § 3568, which did not preclude the possibility of double credit as does § 3585(b). Willis, 438 F.2d at 925 n.2; see also Castro v. Sniezek, 437 F. App'x 70, 72-73 (3rd Cir. 2011). Notwithstanding, the BOP continues to recognize the Willis exception. Edison v. Berkebile, 349 F. App'x 953, 956 (5th Cir. 2009) (discussing BOP Program Statement 5880.28); (see also Doc. 5 at 11-12).

Here, the BOP did not abuse its discretion in calculating Petitioner's sentence. Petitioner's federal sentence could not commence before the Court imposed that sentence on September 28, 2007. See Coloma, 445 F.3d at 1285. Further, the BOP was without authority to give Petitioner credit for the time that already had been credited against his Georgia sentence. See Wilson, 503 U.S. at 334. Petitioner's reliance on Sester and Willis does not change the outcome.

6

Sester holds that a district court has authority to order a federal sentence to run consecutively to an anticipated state sentence. Sester does not change the rule that a federal sentence cannot commence before the date on which it is imposed. The Court ordered that Movant's September 27, 2007, sentence run concurrently with "any Georgia sentence that [Petitioner] is serving[.]" Order, Seignious, ECF No. 45. At that time, Petitioner was serving his Georgia revocation sentence, and, as of September 27, 2007, according to the Court's Order, Petitioner began serving his federal sentence concurrently with his state sentence. Further, to the extent there is a Willis exception, it does not apply. Here, the pre-trial custody at issue was based on Petitioner's violation of his probation for a sentence that the state had already imposed. The custody at issue was not non-federal pre-sentence custody, and this is not a case where, but for a federal detainer, the state would have released Petitioner after his February 24, 2006, arrest. Petitioner has not met his burden of showing that the BOP abused its discretion and that he is entitled to relief under § 2241.[1]

---

[1] Because petitioner is a federal prisoner proceeding under § 2241, he is not required to obtain a certificate of appealability before filing an appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

7

## II.   Conclusion

For the reasons stated above,

It is **RECOMMENDED** that the instant petition for a writ of habeas corpus, (Doc. No. 1), be **DENIED** and that the instant action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 11th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)